Scott J. Carr (Bar No. 245588)
**CARR & CARR**
4 Embarcadero Center, Suite 1400
San Francisco CA 94111
Telephone: (918) 747-1000
Facsimile: 918-747-7284
Email: scarr@carrcarr.com

Attorneys for Plaintiff RACHAEL BLAIR

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHAEL BLAIR, | No. |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| v. | DEMAND FOR JURY TRIAL |
| NUTRIBULLET, LLC, CAPITAL BRANDS, LLC, and HOMELAND HOUSEWARES LLC | |
| Defendant. | |

### COMPLAINT

Comes now the Plaintiff, Rachael Blair, and for her causes of actions against the Defendants, and states as follows:

### THE PARTIES

1. Plaintiff Rachael Blair is a citizen of the State of Florida.

2. Defendant NutriBullet, LLC is a California Limited Liability Company with its principal office in Los Angeles, California. It is in the business of designing, marketing, selling and distributing the Magic Bullet NutriBullet blender, Model No. NB-BX001M-02 (hereinafter "NutriBullet").

3. Defendant Homeland Housewares, LLC is a California Limited Liability Company with its principal office in Los Angeles, California. It is in the business of manufacturing and distributing the NutriBullet

4. Defendant Capital Brands LLC is a California Limited Liability Company with its principal office in Los Angeles, California. It is in the business of manufacturing, designing, selling and distributing the NutriBullet.

## STATEMENT OF JURISDICTION

5. This Court has jurisdiction over this lawsuit based on diversity of citizenship under 28 U.S.C. § 1332, as the parties are residents of different states and the matter in controversy, without interests and costs, exceeds the sum or value of $75,000.00. As to diversity of citizenship, Plaintiff is a Florida citizen while the Defendants are California limited liability companies and headquartered in the State of California.

6. Venue is proper in the Central District of California pursuant to provisions of 28 U.S.C. § 1391(a). A substantial portion of the events and omissions giving rise to this lawsuit occurred in this judicial district, and the Court has personal jurisdiction over each of the parties as alleged throughout this Complaint.

7. Every manager, member and agent for each Defendant operates from their principal place of business in Los Angeles, California.

## FACTUAL ALLEGATIONS

8. The NutriBullet is designed for consumer use to blend ingredients.

9. The NutriBullet contains a base, a blade assembly and a plastic canister where a consumer puts the ingredients he or she wishes to blend.

10. On April 23, 2018, Plaintiff was using her NutriBullet to blend aloe. After she began the blending process, the NutriBullet's plastic canister came off the base of the Nutribullet, leaving exposed, spinning blades. The blades made contact with the Plaintiff's hand and fingers and caused severe injuries. This incident occurred at her home in St. Petersburg, Florida.

## FIRST CAUSE OF ACTION

<u>Strict Product Liability</u>

11. The above captioned paragraphs are incorporated herein as if fully set forth.

12. The NutriBullet was defective and unreasonably dangerous in its design and/or manufacture at the time it left possession of the Defendants. The NutriBullet was defective in that, among other things, it failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner.

13. The NutriBullet's manufacturing and/or design defects proximately caused Plaintiff's injuries. The primary manufacturing and design defects that caused the NutriBullet to become unreasonably dangerous are:

   a. The NutriBullet generated and contained an excessive amount of pressure;
   b. The threads designed to hold the Canister onto the blade assembly failed to keep the Canister secured to the blade assembly;
   c. The Canister was allowed to come off the Base during use, leaving motorized blades exposed to Plaintiff's fingers;
   d. The NutriBullet did not contain reasonable warnings of the danger of the Canister coming off its base during use;
   e. Other defects that will be discovered through the discovery process.

14. The NutriBullet contained these manufacturing defects and designs defects when it was designed, manufactured, sold and otherwise placed into the stream of commerce by the Defendants. These defects were a substantial factor in causing Plaintiff's harm. The NutriBullet did not perform as safely as an ordinary consumer would have expected it to perform when used or misused in a reasonably foreseeable way.

15. The NutriBullet was also defective because the Defendants failed to adequately warn or instruct the Plaintiff of the potential risk of the canister coming off the base of the NutriBullet during use.

**SECOND CAUSE OF ACTION**

<u>Negligence</u>

16. The above captioned paragraphs are incorporated herein as if fully set forth.

17. The Defendants were negligent and acted in reckless disregard in its design, manufacture, and assembly of the NutriBullet. Specifically, the Defendants were negligent in that they failed to design and manufacture the NutriBullet in a way that would prevent the canister from coming off the motor base thereby exposing the Plaintiff to motorized spinning blades.

18. The Defendants owed a duty to the Plaintiff to exercise ordinary care in designing, manufacturing, testing, warning, selling and distributing the NutriBullet.

19. The Defendants breached this duty by designing, selling, promoting and distributing the NutriBullet with unreasonably dangerous manufacturing and design defects. Also, the Defendants breached this duty by failing to warn the Plaintiff of these defects when it knew or had reason to know that the product would be dangerous when used in a foreseeable manner. The breach of these duties caused the Plaintiff to sustain injuries and was a substantial factor in causing the Plaintiff's harm. The Defendants also breached this duty by failing to recall the product when it discovered these defects.

**PRAYER**

20. The NutriBullet was the proximate cause of Plaintiff's damages. Each Defendant is therefore liable for the following damages in excess of $75,000.00.

    a. Past and future medical expenses;

    b. Past and future physical pain and suffering;

    c. Past and future mental pain and suffering;

    d. Disability;

    e. Permanent injuries;

    f. Physical impairment;

    g. Loss of enjoyment of life;

    h. Punitive damages;

    i. Other damages to be set forth after discovery is completed.

21. The Defendants' actions amounted to reckless disregard of the Plaintiff's rights. oppression, fraud and/or malice justifying an award of punitive damages. Plaintiff seeks punitive damages in excess of $75,000.00.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: April 19, 2022          CARR & CARR

By:  /s/ *Scott J. Carr*
Scott J. Carr, Esq. (Bar No. 245588)
Attorneys for Plaintiff Rachael Blair